

JUDGE STEIN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14-xCV 2575

-------------------------------------------------

ANGEL ORDONEZ,

**COMPLAINT**

Plaintiff,

-against-



NAVILLUS TILE, INC. d/b/a NAVILLUS
CONTRACTING and DONAL O'SULLIVAN,

PLAINTIFF DEMANDS TRIAL BY JURY

RECEIVED
APR 11 2014
U.S.C. S.D. N.Y
CASHIERS

Defendants.

-------------------------------------------X

Plaintiff, by his attorneys, Cary Kane LLP, complaining of defendants, alleges:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks declaratory and injunctive relief, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.  Plaintiff also brings this action to remedy violations of the New York State Labor Law, N.Y. LABOR LAW §§ 190 et seq., §§ 650 et seq. and the New York Minimum Wage Act, N.Y. LABOR LAW § 650 et seq. (collectively "NYSLL" or "N.Y. LABOR LAW"). Plaintiff seeks declaratory and injunctive relief, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to NYSLL §§ 198, 663.

3.  Plaintiff also brings this action to remedy unlawful retaliation by

defendants, in violation of 29 U.S.C. § 215(a)(3) and NYSLL § 215(1)(a), seeking compensatory and punitive relief, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Jurisdiction of this Court over plaintiff's NYSLL claims is invoked pursuant to 28 U.S.C. § 1367(a) and NYSLL §§ 198, 663, in that the NYSLL claims are so related to plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper within this District pursuant to 28 U.S.C. § 1391, because defendants do business and maintain their principal place of business in this District, have a designated address located in this District for service of process and, accordingly, reside in this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7.      Plaintiff Angel Ordonez ("Ordonez") resides in the county of Queens in the State of New York.

8.      Defendant Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus") is a New York corporation doing business at 575 5th Avenue, New York, New York.

9.      Defendant Donal O'Sullivan ("O'Sullivan") is an individual doing business in New York and owner and Chief Executive Officer ("CEO") of the entity in paragraph "8."  At all relevant times, O'Sullivan had control over the employment

practices of this entity and was responsible for the wage and hour practices complained of herein.

10.     Each of the defendants in paragraphs "8" and "9" is an "employer" within the meaning of 29 U.S.C. § 203(d) and NYSLL §§ 190, 651.

11.     Upon information and belief, Navillus employs employees who handle, or otherwise work with goods or materials that have been moved in or produced for commerce by any person, and is an enterprise with an annual gross volume of business done of not less than $500,000.  Upon information and belief, Navillus is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1).

12.     Navillus also employs "individual[s] in any occupation, industry, trade, business or service" within the meaning of NYSLL § 190.

## FACTUAL ALLEGATIONS

13.     Navillus is a union contractor that performs various types of masonry and structural construction work throughout New York City.  Navillus has been in operation since 1987, and has completed projects involving the installation of tiling, stonework, or brickwork within both new and existing structures.  Navillus has performed work at the World Trade Center Memorial, Grand Central Station, and Madison Square Garden, as well as banks, schools, and residential buildings throughout the City.

14.     Throughout his employment, plaintiff worked for defendants as a driver, and is a non-exempt employee within the meaning of the FLSA.

15.     At all relevant times, Navillus was a member of the Building Contractors Association, a bargaining association that has a collective bargaining agreement ("CBA") with Local No. 282 of the International Brotherhood of Teamsters (the "Union").

3

16.     At all relevant times, Ordonez was a member of the Union.

17.     In or about August 2006, defendants hired plaintiff through the Union to work as a driver in defendants' construction department, which is led by O'Sullivan.

18.     Throughout his employment, plaintiff's primary duties involved transporting construction materials, tools, and machinery from defendants' yard to and from various worksites.  Plaintiff's duties also included the loading and unloading of materials onto and off of the truck.

19.     On a typical day, plaintiff picked up defendants' truck and materials from the yard in Queens, New York, loaded the materials into the truck, and transported the materials to designated construction sites throughout the five boroughs.  When the machinery or tools were no longer needed at a site, plaintiff would collect the materials and return them to the yard in Queens.

20.     Plaintiff's supervisor, Dave Hegarty ("Hegarty"), gave him his route assignments.  Hegarty either approached plaintiff in the yard or called him by phone to provide his assignments and start time for the next day.

21.     Work was typically completed at defendants' sites from 7:00 a.m. to 2:30 p.m.  Therefore, plaintiff was required to begin work between 5:00 a.m. and 6:30 a.m., depending on the locations of the sites, to ensure the necessary materials were at the site before the workday begun.

22.     When Navillus worked on school projects, work was typically completed from 3:00 p.m. to 11:00 p.m.  During the completion of those projects, plaintiff would often work past midnight collecting materials and machinery to return to the yard.

23.     Throughout his employment, plaintiff regularly transported materials to

4

and from multiple worksites within a day. While plaintiff transported materials to worksites throughout the City, the majority of his work involved the transportation of materials and tools to sites in Manhattan, including the World Trade Center Memorial site in lower Manhattan, six high-rise buildings in Midtown, and one high-rise building in Queens.

24.     Throughout plaintiff's employment with defendants, his duties remained the same. Plaintiff reported to the same supervisor, drove the same Navillus trucks, and transported the same types of materials and tools to and from defendants' yard to their worksites throughout the City.

25.     The CBA between the Union and the Building Contractors Association, in effect from 2008 through 2013, governed plaintiff's regular and overtime rates of pay. Pursuant to the CBA, plaintiff's regular hourly rate of pay was $36.21 prior to July 1, 2008; $41.81 as of July 1, 2008; $42.21 as of July 1, 2009; $41.71 as of July 1, 2010; $41.21 as of July 1, 2011; and $42.00 as of July 1, 2012.

26.     The CBA provided that plaintiff's hourly overtime rate of pay was time and a half his regular rate, and that plaintiff would receive overtime pay for all hours worked in excess of eight in one day.

27.     The CBA further provided that all wages were to be paid on or before the end of the working day on Friday of each week, and would include a statement containing certain information such as the employer's name, number of hours worked, and the amount of money enclosed.

28.     Defendants' employment practices did not conform to the terms of the CBA.

29.     Upon information and belief, defendants engaged in a number of unlawful pay practices in an effort to avoid paying the statutorily and contractually required overtime rate of pay for hours worked over eight in a day, or 40 in a week.

30.     At various times throughout his employment and without notice, plaintiff was paid on a weekly, biweekly, or monthly basis.

31.     Plaintiff regularly worked over eight hours a day, and over 40 hours a week.   Since 2008, plaintiff worked less than eight hours in a day only on an occasional weekend shift; he worked less than 40 hours in a week on only three or four occasions when he took time off.

32.     From 2008 to 2012, plaintiff worked an average of 13 hours per day and 78 hours per week.

33.     Plaintiff did not receive time and a half pay for all hours worked over eight in a day, or over 40 in a week.

34.     At various times throughout his employment, plaintiff received straight time pay for some of the hours he worked over 40 in a week.  At other times, plaintiff received the overtime premium of time and a half his regular rate, or an incorrect overtime rate, for some of the hours he worked over 40 in a week.

35.     Plaintiff regularly received no cash wages for some of the hours he worked in excess of 40 in a week, and his paychecks incorrectly listed fewer hours than the hours actually worked.

36.     Throughout the majority of his employment, defendants paid plaintiff each week by two separate paychecks, dividing the number of hours he worked between the two so that neither check listed more than 40 hours.  Plaintiff's regular payroll check was

payment for the first 40 hours he worked, and the second check was payment for the hours he worked over 40 that week.

37.     From the beginning of plaintiff's employment in 2006 through July 2007, defendants paid plaintiff his regular hourly rate of pay of $35.00 for the first 40 hours worked in a week by a payroll check drawn on the bank account of "Navillus Tile, Inc. dba Navillus Contracting" ("Navillus Tile").  During that time, plaintiff also received a check drawn on the bank account of "Navillus Contracting" as payment for the hours he worked in excess of 40 each week, for which he was paid the overtime rate of time and a half his regular rate of pay, or $52.50 per hour.

38.     For example, for the pay period of August 23, 2006 through August 29, 2006, plaintiff's pay stub from Navillus Tile indicated that it was payment for 40 "Regular" hours at the rate of $35.00 per hour.  For this same pay period, plaintiff's pay stub from Navillus Contracting indicated that it was payment for 14.5 hours at the "Overtime Rate" of $52.50 per hour. *See* Exhibit A.

39.     From August 2007 through November 2007, plaintiff received a paycheck from Navillus Tile as payment for the first 40 hours worked in a week at his regular rate of pay, which had increased to $36.21 pursuant to the CBA.  Despite the rate increase, however, the second check from Navillus Contracting continued to pay plaintiff at a rate of $52.50 per overtime hour, not time and a half the new rate, which would have been $54.32.

40.     Beginning in December 2007, defendants ceased paying plaintiff any form of overtime premium for hours he worked over 40 in a week.  Instead, his second check from Navillus Contracting paid him at a fixed rate of $40.00 or $41.00 per overtime hour.

41.     For example, for the pay period of December 19, 2007 through December 25, 2007, plaintiff received his regular rate of pay of $36.21 for the first 40 hours worked by check from Navillus Tile.  For this same period, plaintiff's pay stub from Navillus Contracting no longer listed an "Overtime Rate," but instead indicated payment at an "R Rate" of $41.00 for 27 of the hours he worked in excess of 40 that week. *See* Exhibit B.

42.     Pursuant to the CBA, plaintiff's regular hourly rate increased again in July 2008 and July 2009 to $41.81 and $42.21, respectively, which plaintiff received for the first 40 hours worked each week.  Despite these pay increases, plaintiff continued to receive a rate of $41.00 for each hour worked over 40 in a second check from Navillus Contracting.

43.     In or about April 2010, plaintiff stopped receiving two paychecks each week.  Although he continued to work an average of 78 hours per week, plaintiff only received one check from Navillus Tile as payment for 40 hours of work at his regular rate of pay.  Plaintiff received no payment each pay period for the overtime hours worked that week.  Instead, from approximately April 2010 through the end of 2011, plaintiff received a "bonus" check for an indeterminate amount of money approximately once a month. Some months, plaintiff received no bonus check.  The bonus check did not indicate that it was compensation for a certain number of hours worked during a given period, nor did it list a rate of pay. *See* Exhibit C.

44.     From April 2010 through 2011, plaintiff intermittently received an overtime premium for some of the hours worked over 40 in a week in his regular paycheck.  Although he continued to work an average of 78 hours per week, plaintiff occasionally received overtime pay for only a fraction of the hours he worked over 40,

typically only 4 or 8 hours each week. *See* Exhibit D.

45.    Beginning in January 2012 through the end of his employment in April 2012, plaintiff again received two checks each week. He received his payroll check from Navillus Tile for the first 40 hours worked at his regular rate, and a small number of overtime hours at time and a half his regular rate. During this time, plaintiff also received a second check from an unknown entity named "Allied" for the bulk of the hours worked over 40 at a fixed rate of $41.00 per hour. *See* Exhibit E.

46.    For each year in which plaintiff received two checks per pay period, he also received two W-2 wage statements. Each year, plaintiff received one W-2 from Navillus Tile, Inc. for the paychecks drawn on that account. The amount of wages paid by check from Navillus Contracting would be reported on W-2s from other unknown entities.

47.    Specifically, plaintiff received W-2 statements reporting the wages paid by Navillus Contracting checks from "ABC Consolidated, Inc." in 2007; "Prestige Finishes, Inc." in 2008; "Barker Street, Inc." in 2009; and "Feldman St., Inc." in 2010. *See e.g.*, Exhibit F.

48.    In 2012, plaintiff received a W-2 from "Allied" for the weekly wages it paid. *See* Exhibit G.

49.    Until about 2011 when defendants' offices moved from the same location as the yard in Queens to Manhattan, defendants handed plaintiff the yearly W-2 statements from both entities at the same time.

50.    Upon information and belief, defendants have known of and/or shown reckless disregard for the practice by which plaintiff was not paid a time and a half

premium for all of the hours he worked over 40 in a week. Upon information and belief, defendants have known and/or shown reckless disregard for whether their practices violated the FLSA and the NYSLL.

51.     Upon information and belief, defendants do not maintain any system of tracking the number of hours worked by, or the arrival and departure times of, any drivers each day.

52.     Upon information and belief, defendants never provided plaintiff with notice of his regular hourly pay rate, overtime hourly pay rate, or designated date of pay.

53.     As a result of these practices, plaintiff worked more hours than were reflected in either of the paychecks he received each week, and defendants failed to keep accurate records of the hours he worked. By doing so, defendants avoided paying plaintiff the statutorily required overtime wage for each hour worked over 40 in a week.

54.     On several occasions, plaintiff complained to the Union that he was not receiving overtime pay for hours worked over 40 in a week.

55.     As a result, plaintiff received a call from Padraig Naughton ("Naughton"), who works in the Accounting Department at Navillus. Naughton told plaintiff that Navillus received a letter from the Union claiming that defendants were not properly paying plaintiff overtime wages. Naughton asked plaintiff to sign a statement affirming that he received overtime pay at time and a half his regular rate. Plaintiff refused to sign such a statement.

56.     On or around April 20, 2012, when plaintiff returned to the yard at the end of the day, Hegarty told him that he had "bad news" for him. Hegarty told plaintiff that "Donal [O'Sullivan] said we no longer have any work for you." Hegarty said he was

sorry and that he always thought plaintiff did good work. When plaintiff asked why he was being fired, Hegarty said that business was slow. Plaintiff objected and said that the company had just hired a fourth driver, Jimmy, who was not in the Union. Hegarty told plaintiff that Jimmy was being let go as well. However, upon information and belief, defendants hired Jimmy back just a week after they fired plaintiff.

57.     On or about the following Monday, April 23, 2012, plaintiff called O'Sullivan to ask why he was fired. O'Sullivan told plaintiff that "a lot of things have happened" and that "I don't need you anymore." O'Sullivan told plaintiff to check back in two or three months to see if he had any work for plaintiff.

58.     On or about April 23, 2012, plaintiff filed a complaint with the New York State Department of Labor ("DOL"), Division of Labor Standards, complaining of overtime violations. Upon information and belief, plaintiff's complaint is currently pending.

59.     Within a couple of months after plaintiff was fired, plaintiff returned to defendants' office to ask O'Sullivan for his job back, but was denied. Plaintiff asked O'Sullivan why he called Jimmy, a non-union driver, back to work but not him. O'Sullivan refused to answer and told plaintiff that he did not care if plaintiff went back to the Union to complain.

60.     Defendants' proffered reason for the termination of plaintiff's employment is a pretext, and in retaliation for plaintiff's complaints to the Union that he was being improperly denied overtime pay.

## AS AND FOR A FIRST CLAIM

### (Failure to Pay Overtime Wages - FLSA)

61.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "60" as if fully set forth herein.

62.     At all relevant times, defendants failed to pay plaintiff at the statutorily required overtime rate of one and a half times his regular rate of pay for all hours worked a week in excess of 40.

63.     Defendants, by the above acts, have violated 29 U.S.C. § 207.

64.     Upon information and belief, said violations were willful within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

66.     No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CLAIM

### (Failure to Pay Overtime Wages – NYSLL)

67.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "66" as if fully set forth herein.

68.     At all relevant times, defendants failed to pay plaintiff at the statutorily required overtime rate of one and a half times his regular rate of pay for all hours worked in a week in excess of 40.

69.     Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 146-1-4.

70.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §§ 198, 663.

71.     Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

## AS AND FOR A THIRD CLAIM

### (Retaliation - FLSA)

73.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "72" above as if fully set forth herein.

74.     Defendants terminated plaintiff's employment because plaintiff objected to defendants' failure to pay him the overtime wage required under the FLSA.

75.     Defendants, by the above-acts, have violated 29 U.S.C. § 215(a)(3), by retaliating against plaintiff for asserting his rights under the FLSA.

76.     Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

77.     No previous application has been made for the relief requested herein.

## AS AND FOR A FOURTH CLAIM

### (Retaliation - NYSLL)

78.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "77" as if fully set forth herein.

79.     Defendants terminated plaintiff's employment because plaintiff objected

to defendants' failure to pay him the overtime wage required under the NYSLL.

80.    Defendants, by the above-acts, have violated NYSLL § 215 by retaliating against plaintiff for asserting his rights under the NYSLL.

81.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

82.    No previous application has been made for the relief requested herein.

**AS AND FOR A FIFTH CLAIM**

**(Unlawful Deductions – NYSLL)**

83.    Plaintiff repeats and realleges the allegations in paragraphs "1" through "82" as if fully set forth herein.

84.    Pursuant to NYSLL § 193, defendants were prohibited from making any deductions from plaintiff's wages.

85.    By failing to pay plaintiff the overtime premium of time and a half his regular rate of pay for all hours worked over 40 in a week, defendants made unlawful deductions from plaintiff's wages in violation of NYSLL § 193.

86.    Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

87.    Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendants' acts unless and until this Court grants the relief requested herein.

88.    No previous application has been made for the relief requested herein.

## AS AND FOR A SIXTH CLAIM

### (Improper Notice and Recordkeeping – NYSLL)

89.     Plaintiff repeats and realleges the allegations in paragraphs "1" through "88" as if fully set forth herein.

90.     Pursuant to NYSLL § 195(1), defendants were required to provide plaintiff with written notice of his regular rate of pay, overtime rate of pay, designated pay day, and other information required by NYSLL § 195(1) and 12 NYCRR § 146-2.3.

91.     Defendants failed to provide such written notice to plaintiff.

92.     Upon information and belief, defendants failed to maintain accurate payroll records that included the number of regular and overtime hours worked by employees and the rates of pay for each, as required by NYSLL § 195(4).

93.     Defendants, by the above acts, have violated NYSLL § 195.

94.     Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 198.

95.     No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court enter a judgment:

(a)     declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. § 255(a) and N.Y. LABOR LAW §§ 198, 663;

(c)     enjoining and restraining permanently the violations alleged

herein, pursuant to 29 U.S.C. § 217;

   (d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violations of the FLSA and NYSLL;

   (e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b);

   (f) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in N.Y. LABOR LAW §§ 198, 663;

   (g) awarding plaintiff all back pay for violations of 29 U.S.C. § 215 and NYSLL § 215;

   (h) awarding plaintiff punitive damages for defendants' violations of 29 U.S.C. § 215 and NYSLL § 215;

   (i) awarding plaintiff compensatory damages for defendants' violations of 29 U.S.C. § 215 and NYSLL § 215;

   (j) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and N.Y. LABOR LAW §§ 198, 663; and

   (k) granting such other relief this Court deems necessary and proper.

Dated: New York, New York
   April 10, 2014

        Respectfully submitted,
        CARY KANE LLP
        Attorneys for Plaintiff

     By:

        Larry Cary
        Tara Jensen
        1350 Broadway, Suite 1400
        New York, New York 10018
        (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

**EXHIBIT A**

1720

| HOURS | | | EARNINGS | | | | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | RATE | REGULAR | OVERTIME | BASIS | RATE | OTH | AMOUNT | DESCRIPTION | |
| 40.00 | | 35.00 | 1400.00 | | 40.00 | .20 | | 8.00 | BLDNG | 8-23-06 to |
| | | | | | 40.00 | 1.35 | | 54.00 | DUES | 8-29-06 |

No. 17150

TOTAL PAY

1462.00

DEDUCTIONS THIS PERIOD

| FWH | 165.52 | MED | 42.40 | SOC | 181.29 | NYSDI | .60 | NYSWH | 80.03 |
| NYCR | 46.96 | BLDNG | 8.00 | U D I/ | 54.00 | | | | |

TOTAL DEDUCTIONS

578.80

EMPLOYEE INFORMATION

YEAR-TO-DATE TOTALS

NET PAY

Angel Ordonez
XXX-XX-5978

| GROSS | 4386.00 | FICA | 335.53 | SDI | 1.20 |
| FWH | | SWH | 240.09 | VAC | .00 |

883.20

PLEASE DETACH THIS PORTION AND RETAIN FOR YOUR RECORDS

---

## NAVILLUS CONTRACTING

13897

Employee
Angel Ordonez, 18-12 Linden Street, Fl 1, Ridgewood, ... 11385

SSN REDACTED

Status (Fed ...e)
Married/Married

Pay Period: 08/23/2006 - 08/29/2006

Allowances/Extra
Fed-2/0/NY-2/0

Pay Date 08/29/2006

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Overtime Rate | 14.30 | 52.50 | 761.25 | 2,651.25 |
| Benefits | 14 50 | 24.85 | 360.33 | 1,254.94 |
| | | | 1,121.58 | 3,906 19 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| NYC | | | | |
| Federal Withholding | | | -33.52 | -122.04 |
| Social Security Employee | | | -112.00 | -440.00 |
| Medicare Employee | | | -69.53 | -242.18 |
| NY - Withholding | | | -16.26 | -56.64 |
| NY - Disability Employee | | | -56.71 | -207.22 |
| | | | -0.60 | -1.80 |
| | | | -288.62 | -1,069.88 |

| Net Pay | | | 832 96 | 2,836 31 |

Navillus Contracting

**EXHIBIT B**

58463

| HOURS | | RATE | EARNINGS | | OTHER PAY | | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| 40.00 | | 36.21 | 1448.40 | | | | | | 12-19-07 to 12-25-07 |

CHECK NO.

No.   58463

TOTAL GROSS

1448.40

| DEDUCTIONS THIS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| FWH | 159.81 | MED | 21.00 | SOC | 89.80 | NYSDI | .60 | NYSWH | 79.10 |
| NYCR | 46.42 | CHKOFF | 64.00 | | | | |

TOTAL DEDUCTIONS

460.73

| EMPLOYEE INFORMATION | YEAR-TO-DATE TOTALS | NET PAY |
|---|---|---|

Angel Ordonez
XXX-XX-5978

GROSS  74266.71  FICA  5681.41  SDI  31.20
FWH  8152.61  SWH  4041.24  VAC  .00

987.67

---

**NAVILLUS CONTRACTING**

23116

Employee
Angel Ordonez, 18-12 Linden Street, Fl 1, Ridgewood, NY 11385

SSN ***-**-5978   Status (Fed/State)  Married/Married
Pay Period: 12/19/2007 - 12/25/2007

Allowances/Extra
Fed-2/0/NY-2/0
Pay Date: 12/25/2007

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| R Rate | 27.00 | 41.00 | 1,107.00 | 6,724.00 |
| Overtime Rate | | | | 47,355.12 |
| Benifits | | | | 22,643.58 |
| | | | 1,107.00 | 76,722.70 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| NY - City Resident | | | -32.95 | -2,484.50 |
| Federal Withholding | | | -109.00 | -9,382.00 |
| Social Security Employee | | | -68.64 | -4,756.81 |
| Medicare Employee | | | -16.05 | -1,112.48 |
| NY - Withholding | | | -55.71 | -4,240.60 |
| NY - Disability Employee | | | -0.60 | -30.60 |
| | | | -282.95 | -22,006.99 |
| Net Pay | | | 824.05 | 54,715.71 |

33-45 169th Street, Flushing, NY 11358

**EXHIBIT C**

| HOURS | | RATE | EARNINGS | | | OTHER PAY | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| 40.00 | | 41.21 | 1648.40 | | | | | | 12-28-11 to 1-03-12 |

CHECK NO.

No. 210658

TOTAL GROSS

1648.40

| DEDUCTIONS THIS PERIOD | | | | | | | | TOTAL DEDUCTIONS |
|---|---|---|---|---|---|---|---|---|
| FWH | 185.24 | MED | 23.90 | SOC | 69.23 | NYSDI | .60 | NYSWH | 88.53 |
| NYCR | 54.42 | CHKOFF | 72.00 | | | | | | 493.92 |

| EMPLOYEE INFORMATION | YEAR-TO-DATE TOTALS | NET PAY |
|---|---|---|

Angel Ordonez
XXX-XX-5978

GROSS 1648.40 FICA 93.13 SDI .60
FWH 185.24 SWH 88.53 VAC .00

1154.48

**NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING**

210659

---

**NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING**

211451

| HOURS | | RATE | EARNINGS | | | OTHER PAY | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| | | | | | | | 5145.50 | Bonus | 12-28-11 to 1-03-12 |

CHECK NO.

No. 211451

TOTAL GROSS

5145.50

| DEDUCTIONS THIS PERIOD | | | | | | | | TOTAL DEDUCTIONS |
|---|---|---|---|---|---|---|---|---|
| FWH | 750.00 | MED | 74.61 | SOC | 216.11 | NYSDI | .60 | NYSWH | 300.00 |
| NYCR | 150.00 | | | | | | | | 1491.32 |

| EMPLOYEE INFORMATION | YEAR-TO-DATE TOTALS | NET PAY |
|---|---|---|

Angel Ordonez
XXX-XX-5978

GROSS 8936.82 FICA 504.93 SDI 1.80
FWH 1242.80 SWH 511.57 VAC .00

3654.18

**NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING**

211451

**EXHIBIT D**

| HOURS | | RATE | EARNINGS | | OTHER PAY | | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| 40.00 | | 41.21 | 1648.40 | | | | | | 9-07-11 to |
| | 4.00 | 61.8150 | | 247.26 | | | | | 9-13-11 CHECK NO. |
| | | | | | | | | | No.  TOTAL HOURS 198688 |
| | | | | | | | | | 1895.66 |

| DEDUCTIONS THIS PERIOD | | | | | | | | TOTAL DEDUCTIONS |
|---|---|---|---|---|---|---|---|---|
| FWH | 251.32 | MED | 27.48 | SOC | 79.62 | NYSDI | .60 | NYSWH 109.74 |
| NYCR | 64.31 | CHKOFF | 82.80 | | | | | 615.87 |

| EMPLOYEE INFORMATION | | YEAR-TO-DATE TOTALS | | | | NET PAY |
|---|---|---|---|---|---|---|
| Angel Ordonez | GROSS | 99363.10 | FICA | 5614.01 | SDI | 23.40 |
| XXX-XX-5978 | FWH | 12585.98 | SWH | 5531.63 | VAC | .00 |
| | | | | | | 1279.79 |

**NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING**

198688

| | | | | | |
|---|---|---|---|---|---|
| 40.00 | | 41.21 | 1648.40 | | 9-07-11 to |
| | 4.00 | 61.8150 | | 247.26 | 9-13-11 |
| | | | | | No.  198688 |
| | | | | | 1895.66 |

FWH      251.32 MED      27.48 SOC      79.62 NYSDI      .60 NYSWH  109.74
NYCR      64.31 CHKOFF   82.80
                                                              615.87

Angel Ordonez          GROSS    99363.10 FICA   5614.01 SDI     23.40
XXX-XX-5978            FWH      12585.98 SWH    5531.63 VAC       .00      1279.79

Form # 513272, (REV. 10/03) Order No.

THE CHECK DEPOT • REORDER ONLINE @ WWW.CHECKDEPOT.NET • FAX 1-800-451-4605

# EXHIBIT E

Company Code       Number      Page
RI / FGC 20169851  11174       1 of 1
Allied
4808 70th St
2nd Floor Unit 4
Woodside, NY 11377

# Earnings Statement



Period Starting:    03/07/2012
Period Ending:      03/13/2012
Pay Date:           03/14/2012

Business Phone:     914-760-4426

Taxable Marital Status:    Single
Exemptions/Allowances:          Tax Override:
    Federal:    0               Federal:
    State:      0               State:
    Local:      0               Local:
    Social Security Number:   XXX-XX-XXXX

Angel Ordonez
18-12 Linden Street
Ridgewood, NY 11385

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 41.00 | 23.50 | 963.50 | 7052.00 |
| Overtime | | | 0.00 | 3259.50 |
| Gross Pay | | | $963.50 | $10,311.50 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -154.19 | 1983.98 |
| Social Security | -40.46 | 433.08 |
| Medicare | -13.97 | 149.52 |
| New York State Income | -47.40 | 583.14 |
| New York City R Local | -29.23 | 346.95 |

| Voluntary Deductions | this period | year to date |
|---|---|---|
| New York voluntary disability | 0.00 | 3.00 |
| Net Pay | | $678.25 |

his Reserved

## NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING

216682

| HOURS | | RATE | EARNINGS | | OTHER PAY | | | | PAY PERIOD |
|---|---|---|---|---|---|---|---|---|---|
| REGULAR | OVERTIME | | REGULAR | OVERTIME | BASIS | RATE | AMOUNT | DESCRIPTION | |
| 40.00 | | 41.21 | 1648.40 | | | | | | 3-07-12 to |
| | 8.00 | 61.8150 | | 494.52 | | | | | 3-13-12 CHECK NO. |
| | | | | | | | | | NO. TOTAL HOURS 216682 |
| | | | | | | | | | 2142.92 |

| DEDUCTIONS THIS PERIOD | | | | | | | | TOTAL DEDUCTIONS |
|---|---|---|---|---|---|---|---|---|
| FWH | 462.68 | MED | 31.07 | SOC | 90.00 | NYSDI | .60 | NYSWH | 127.62 | |
| NYCR | 76.12 | CHKOFF | 93.60 | | | | | | 881.69 |

| EMPLOYEE INFORMATION | YEAR-TO-DATE TOTALS | | | | | NET PAY |
|---|---|---|---|---|---|---|
| Angel Ordonez | GROSS | 22700.96 | FICA | 1282.60 | SDI | 6.60 | |
| XXX-XX-5978 | FWH | 3297.98 | SWH | 1282.96 | VAC | .00 | 1261.23 |

## NAVILLUS TILE, INC DBA NAVILLUS CONTRACTING

216682

**EXHIBIT F**

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.

**Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.**

OMB No. 1545-0008

| a Employee's soc. sec. no. REDACTED | 1 Wages, tips, other comp 130320.05 | 2 Federal income tax withheld 14695.09 |
|---|---|---|
| b Employer ID number (EIN) 11-2871781 | 3 Social security wages 106800.00 | 4 Social security tax withheld 6621.60 |
| | 5 Medicare wages and tips 130820.05 | 6 Medicare tax withheld 1896.89 |

c Employer's name, address, and ZIP code

Navillus Tile, Inc.
460 Park Avenue
8th Floor
NY NY 10022

d Control number 1112

e Employee's name, address, and ZIP code

Angel Ordonez
18-12 Linden Street Fl 1
Ridgewood NY 11385

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee | 14 Other | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| 15 State Employer's state ID number NY 11-2871781 | 16 State wages, tips, etc. 130820.05 | 17 State income tax 6592.38 |
|---|---|---|
| 18 Local wages, tips, etc. 130820.05 | 19 Local income tax 3911.81 | 20 Locality name NYC |

Form W-2 Wage and Tax Statement **2010** Dept. of the Treasury -- IRS

BW24UP NTF 2574387

---

**Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return.**

2010 OMB No. 1545-0008

| a Employee's SSN REDACTED | 1 Wages, tips, other comp. 13120.00 | 2 Federal income tax withheld 1301.00 |
|---|---|---|
| b Employer ID no. (EIN) 27-1499725 | 3 Social security wages 13120.00 | 4 Social security tax withheld 813.44 |
| | 5 Medicare wages and tips 13120.00 | 6 Medicare tax withheld 190.24 |

c Employer's name, address, and ZIP code

FELDMAN ST INC

3960 46TH ST

SUNNYSIDE                NY    11104

d Control number

e Employee's name, address, and ZIP code                Suff

ANGEL ORDONEZ
18-12 LINDEN STREET FL 1
RIDGEWOOD                NY    11385

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee | 14 Other NY-SDI 6.00 | 12b Code |
| Retirement Plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| 15 State Employer's state ID number NY 4937545 | 16 State wages, tips, etc. 13120.00 | 17 State income tax 701.03 |
|---|---|---|
| 18 Local wages, tips, etc. 13120.00 | 19 Local income tax 412.23 | 20 Locality name NY - Ci |

**EXHIBIT G**

REDACTED

| 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|
| 33,570.12 | 5,518.80 |

| OMB No 1545-0008 | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| | 33,570.12 | 1,409 95 |

| b Employer identification number | 5 Medicare wages and tips | 6 Medicare tax withheld |
|---|---|---|
| 11-2871781 | 33,570.12 | 486.77 |

c Employer's name, address, and ZIP code

Navillus Tile, Inc.
575 Fifth Avenue
29th Floor
NY                                    NY    10017

| e Employee's first name and initial | Last name | | Suff |
|---|---|---|---|
| Angel | Ordonez | | |

18-12 Linden Street Fl 1

Ridgewood                             NY    11385

f Employee's address and Zip code

| d Control number | 7 Social security tips | 8 Allocated tips |
|---|---|---|
| 9 | 10 Dependent care benefits | 11 Nonqualified plans |

| 12a | 14 Other |
|---|---|
| 12b | NYSDI    10.20 |
| 12c | |

| 13 | Statutory employee ☐ | Retirement plan ☐ | Third-party sick pay ☐ |
|---|---|---|---|

| 15 State | Employer's state ID number | 16 State wages, tips, etc | 17 State income tax |
|---|---|---|---|
| NY | 112871781 | 33,570.12 | 1,901.38 |

| 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|
| 33,570.12 | 1,123.18 | NYCRes |

Form **W-2** Wage and Tax Statement   2012   Department of Treasury-Internal Revenue Service

Copy 2 - To Be Filed With Employee's State, City, or Local Income Tax Return.

---

| 1 Wages, tips, other comp. | 2 Federal income tax withheld |
|---|---|
| 11541.50 | 2139.35 |

| 3 Social security wages | 4 Social security tax withheld |
|---|---|
| 11541.50 | 484.74 |

| 5 Medicare wages and tips | 6 Medicare tax withheld |
|---|---|
| 11541.50 | 167.35 |

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 000070   RI/FGC | | A | 62 |

c Employer's name, address, and ZIP code

ALLIED
4808 70TH ST
WOODSIDE, NY 11377

| b Employer's FED ID number | a |
|---|---|
| 20-5276260 | REDACTED |

| 7 Social security tips | 8 Allocated tips |
|---|---|
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12 |

| 14 Other | 12b |
|---|---|
| 4.20 VPDI | 12c |
| | 12d |

| 13 Stat emp. | Ret. plan | 3rd party sick pay |
|---|---|---|

e/f Employee's name, address and ZIP code

ANGEL ORDONEZ
18-12 LINDEN STREET
RIDGEWOOD, NY 11385

| 15 State | Employer's state ID no. | 16 State wages, tips, etc. |
|---|---|---|
| NY | 20-5276260 | 11541.50 |

| 17 State income tax | 18 Local wages, tips, etc. |
|---|---|
| 633.01 | 11541.50 |

| 19 Local income tax | 20 Locality name |
|---|---|
| 378.36 | NYC RES |

Federal Filing Copy

**W-2** Wage and Tax Statement   **2012**   OMB No. 1545-0008

Copy B to be filed with employee's Federal Income Tax Return.