# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANGEL ORDONEZ,

                Plaintiff,

      -against-

NAVILLUS TILE, INC. d/b/a NAVILLUS
CONTRACTING and DONAL O'SULLIVAN,

                Defendants.
-------------------------------------------------------x

Index No.: 14-CV-2575 (SHS)

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR
THE PRODUCTION OF DOCUMENTS**

Defendants NAVILLUS TILE, INC. d/b/a NAVILLUS CONTRACTING and DONAL

O'SULLIVAN (hereinafter collectively referred to as the "Defendants"), by their attorneys,

Certilman Balin Adler & Hyman, LLP, hereby responds to Plaintiff's First Requests for the

Production of Documents, dated August 22, 2014 (the "Document Demands"), as follows:

## GENERAL OBJECTIONS

1.     Defendants submit this response to the Document Demands without conceding

the relevancy or materiality of the subject matter of any request or of any documents and without

prejudice to all objections to the use or further production or admissibility of any document.

2.     Defendants object to the Definitions contained in the Document Demands insofar

as they are beyond the scope of Local Civil Rules 26.2 and 26.3 of the Local Rules of the United

States District Court for the Southern and Eastern Districts of New York.

3.     Defendants object to Plaintiff's Document Demands to the extent the instructions

or any particular request contained in Plaintiff's notice imposes a greater or broader obligation

upon Defendants than those imposed by the Federal Rules of Civil Procedure and/or the Local

Civil Rules.  In such instances, Defendants shall respond in conformance with the Federal Rules

of Civil Procedure and/or the Local Civil Rules.

4. Defendants object to those requests that seek information not relevant to this action and not calculated to lead to the discovery of admissible evidence.

5. Defendants object to those requests that seek information exempt from discovery by virtue of its inclusion in any of the following categories:

    a. Information that is subject to the attorney-client privilege;

    b. Information that represents the work product of Defendants' attorneys in this or related actions or which otherwise reflects the mental impressions, conclusions, opinions, or legal theories of those attorneys or their agents; and/or

    c. Information that has been compiled in anticipation of litigation or for trial by or on behalf of Defendants.

6. Defendants' inadvertent disclosure of any such information referred to in paragraph five (5) above shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall such inadvertent disclosure waive or prejudice Defendants' right to object to the use of any such information during this or any subsequent proceeding.

7. Defendants object to those requests that are duplicative or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome and/or less expensive.

8. Defendants object to those requests that are unnecessarily overly broad, vague, ambiguous, burdensome or oppressive and insofar as they seek confidential and/or proprietary information and/or trade secrets.

9. Defendants' general and specific objections shall apply both to these Document

2

Demands and to all later requests for production.

10.     These responses are based on the best information available to Defendants as of this date.    Defendants reserve the right to alter, modify, amend and/or supplement these responses at any time.

11.     Defendants object to the Document Demands to the extent they seek documents previously provided or available to Plaintiff or through the ordinary course of the parties' relationship.

12.     In providing these responses to the Document Demands, Defendants interpose the following general objections:    (i) all objections as to competency, relevancy, materiality and admissibility; (ii) all rights to object on any ground to the use of any of the responses herein or documents to be produced hereunder in any subsequent proceedings, including the trial of this or any other action; (iii) all objections as to the Document Demands being burdensome, overbroad, vague, duplicative and ambiguous; and (iv) all rights to object on any ground as to further or other discovery requests involving or related to the Document Demands based on res judicata and collateral estoppel grounds.

13.     Defendants object to Plaintiff's Document Demands insofar as they call for non-discoverable matters.

14.     Defendants object to Plaintiff's Document Demands to the extent that they seek documents beyond the scope of Plaintiff's employment and the claims brought by Plaintiff in this action.

## RESPONSES

Subject to and without waiver of the foregoing General Objections, Defendant responds to the specific Document Demands as follows:

2962506.1

**Document Request No. 1**

Each document in plaintiff's personnel file (both the official version and any "unofficial" versions maintained by any supervisors or managers) maintained by defendants during the entire period of plaintiff's employment.

**Response:**

Defendants object to Document Request No. 1 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

**Document Request No. 2**

All documents concerning plaintiff's job title, job description, schedule, and duties and responsibilities for the entire period of plaintiff's employment.

**Response:**

Defendants object to Document Request No. 2 as it seek documents available to Plaintiff through the ordinary course of the parties' relationship. Defendants also object to Document Request No. 2 insofar as it is unnecessarily overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to Document Request No. 2 to the extent it is not a more practical method of obtaining the information sought than an interrogatory or a deposition. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive documents are found.

4

**Document Request No. 3**

All documents concerning the job title, job description, schedule, and duties and responsibilities of other individuals who held the same position as plaintiff.

**Response:**

Defendants object to Document Request No. 3 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further objects to this Request insofar as it is vague, overly broad, unduly burdensome and irrelevant. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive documents are found.

**Document Request No. 4**

All documents concerning plaintiffs receipt of written notice from defendants of plaintiff's rate of pay, regular pay day, and such other information, as required by New York State Labor Law ("NYSLL") § 195(1).

**Response:**

Defendants object to Document Request No. 4 as it seeks documents available to Plaintiff through the ordinary course of the parties' relationship. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

**Document Request No. 5**

All documents concerning plaintiff's receipt of wage statements from defendants at the time of each payment of wages, as required by NYSLL §195(3).

5

**Response:**

Defendants object to Document Request No. 5 as it seeks documents available to Plaintiff through the ordinary course of the parties' relationship. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are produced herewith as, without limitation, Bates Nos. NT000028-NT000201.

### Document Request No. 6

All documents concerning any agreements between the Building Contractors Association and Local 282 of the International Brotherhood of Teamsters (the "Union") that were in effect during plaintiff's employment.

**Response:**

Defendants object to Document Request No. 6 insofar as it is vague, overly broad, unduly burdensome, seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive documents are found.

### Document Request No. 7

Documents concerning each of the construction projects or jobsites that plaintiff worked on during his employment including, without limitation, work contracts, documents reflecting the location and daily schedule of hours of each jobsite, and the period of time in which defendants were engaged on the project including, without limitation, the projects referred to in ¶ 23 of the Complaint.

**Response:**

Defendants object to Document Request No. 7 insofar as it is vague, overly broad, unduly burdensome, seeks documents not related to the subject matter of this litigation and not

reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this interrogatory because it presupposes facts not assumed by the Defendants. Defendants submit that Plaintiff did not work on any jobsite or construction projects; Plaintiff delivered materials to jobsites and vendors. Defendants additionally submit that a typical jobsite is open from 7:00 AM through 3:30 PM. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

### Document Request No. 8

All documents concerning the schedules and assignments of plaintiff and the other drivers employed during plaintiff's tenure including, without limitation, delivery route assignments given to plaintiff by Hegarty, or any other manager, supervisor, or foreman.

### Response:

Defendants object to Document Request No. 8 as it seeks documents available to Plaintiff through the ordinary course of the parties' relationship. Defendants also object to Document Request No. 8 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Defendants further object to Document Request No. 8 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

7

## Document Request No. 9

All documents reflecting the hours worked by plaintiff including, without limitation, time cards, daily time logs, schedules, calendars, or any other records tracking the hours worked by plaintiff for each workday and each workweek.

## Response:

Defendants object to Document Request No. 9 insofar as it is vague, overly broad and unduly burdensome. Defendants further object to the Request to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000028-NT000201.

## Document Request No. 10

All documents reflecting plaintiff's total daily and/or weekly straight-time earnings and total premium pay for overtime hours for the entire period of plaintiff's employment.

## Response:

Defendants object to Document Request No. 10 insofar as it is overly broad and unduly burdensome. Defendants further object to the Request to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000028-NT000201.

**Document Request No. 11**

All usage records of any E-ZPass account(s) used in any of the company vehicles driven by plaintiff during the performance of his duties for each day of plaintiff's employment.

**Response:**

Defendants object to Document Request No. 11 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request insofar as it is vague, overly broad and unduly burdensome. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

**Document Request No. 12**

All documents reflecting any oral or written communications concerning plaintiff's hours of work and/or wages paid including, without limitation, communications between and among O'Sullivan, Helen O'Sullivan ("H. O'Sullivan"), Dave Hegarty ("Hegarty"), Padraig Naughton ("Naughton"), or any other manager, supervisor, or foreman.

**Response:**

Defendants object to Document Request No. 12 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants submit that no responsive documents exist.

**Document Request No. 13**

All paychecks and paystubs issued to plaintiff during the entire period of his employment, for wages paid by defendants or any other entity including, without limitation, Navillus Tile, Inc., Navillus Tile, Inc. d/b/a Navillus Contracting, and/or Allied.

9

**Response:**

Defendants object to Document Request No. 13 to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000028-NT000201.

**Document Request No. 14**

All documents concerning any bonus checks issued to plaintiff during the entire period of his employment by defendants or by any other entity including, without limitation, Navillus Contracting.

**Response:**

Defendants object to Document Request No. 14 to the extent that it calls for the adoption of contested facts, given that the Plaintiff was not issued any "bonuses" during the period of his employment. Defendants also object to Document Request No. 14 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Defendants further object to Document Request No. 14 to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000028-NT000201.

**Document Request No. 15**

All documents concerning any non-payroll checks or cash payments made to plaintiff for wages during the entire period of his employment.

10

**Response:**

Defendants object to Document Request No. 15 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Defendants further object to the Request to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request are annexed hereto as Bates Numbers NT000028-NT000201.

**Document Request No. 16**

To the extent not previously requested, all documents reflecting the hours plaintiff worked and the wages plaintiff received.

**Response:**

Defendants object to Document Request No. 16 to the extent that it seeks documents and information already within the Plaintiff's possession. Defendants further object to Document Request No. 16 duplicative or cumulative of previous requests. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 17**

All documents concerning the methods used for computing plaintiff's compensation including, without limitation, documents reflecting any oral or written communications, discussions, evaluations, and/or reviews of defendants' payment practices and the calculation of overtime rates.

**Response:**

Defendants object to Document Request No. 17 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 18**

All documents reflecting any oral or written communications concerning plaintiff's hours and rates of pay that occurred at any time during plaintiff's employment between plaintiff and defendants including, without limitation, communications between and among plaintiff, O'Sullivan, H. O'Sullivan, Hegarty, Naughton, or any other manager, supervisor, or foreman.

**Response:**

Defendants object to Document Request No. 18 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000013, are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

2962506.1

**Document Request No. 19**

All documents reflecting any oral or written communications concerning the method(s) by which defendants paid plaintiff for regular and overtime wages during the entire period of his employment including, without limitation, payment by multiple checks for hours worked during the same pay period, and the determination of the number of hours and rates of pay to be paid by each check, as alleged in ¶¶ 37-42, 45 of the Complaint.

**Response:**

Defendants object to Document Request No. 19 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 20**

Documents reflecting the hours worked, rates of pay, and method(s) of payment to other drivers employed during the entire period of plaintiff's employment.

**Response:**

Defendants object to this Request as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request insofar as it is overly broad, unduly burdensome and irrelevant.

**Document Request No. 21**

All documents concerning any deductions defendants took from plaintiff's pay, other than lawful tax withholdings, and the reasons for such deductions.

**Response:**

Defendants object to Document Request No. 21 to the extent calls for the adoption of contested facts, given that the Defendants have not made unlawful deductions from Plaintiff's pay. Defendants further object to Document Request No. 21 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000191.

**Document Request No. 22**

All documents provided to plaintiff for tax purposes including, without limitation, IRS W-2 and/or 1099 forms by any entity including, without limitation, Navillus Tile, Inc.; Navillus Contracting; ABC Consolidate, Inc.; Prestige Finishes, Inc.; Barker Street, Inc.; Feldman St., Inc.; and/or Allied.

**Response:**

Subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000014-NT000020.

**Document Request No. 23**

All documents concerning any internal complaints or inquiries made to defendants by plaintiff and/or any employee concerning defendants' labor practices.

**Response:**

Defendants object to Document Request No. 23 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor practices" is overly broad, unduly vague and

14

ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

### Document Request No. 24

All documents concerning any claims, lawsuits, complaints, administrative charges, or inquiries regarding defendants' labor practices ever made by any employee including, without limitation, all documents filed with, or received from, the New York State Department of Labor ("DOL"), and any other federal, state, or local agency, or court.

### Response:

Defendants object to Document Request No. 24 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor practices" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

### Document Request No. 25

All documents concerning any inspection, investigation, or audit of defendants' labor law practices ever conducted by any federal, state, or local agency including, without limitation, all documents exchanged and documents containing any results, conclusions, or recommendations.

### Response:

Defendants object to Document Request No. 25 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor practices" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

### Document Request No. 26

All documents reflecting any oral or written communications between defendants and any Union representative or officer concerning defendants' labor practices including, without limitation, any documents provided to, or received from, the Union.

15

**Response:**

Defendants object to Document Request No. 26 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor practices" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 27**

All documents concerning any lawsuits to which either defendant was a party that involved any of defendants' labor or personnel practices, or any current or former employee.

**Response:**

Defendants object to Document Request No. 27 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor or personnel practices" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

**Document Request No. 28**

All documents concerning any agreements ever made between defendants and employees in which an employee agreed not to contest, dispute, or complain about defendants' labor practices including, without limitation, the payment of overtime wages.

**Response:**

Defendants object to Document Request No. 28 to the extent calls for the adoption of contested facts, given that the Defendants have not made any agreements with any employee in which an employee agreed not to contest, dispute, or complaint about defendants' practices. Defendants further object to Document Request No. 28 on the basis that Plaintiff's usage of the terms "all documents," "concerning" and "labor practices" is overly broad, unduly vague and

ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

### Document Request No. 29

All documents concerning the end of plaintiff's employment in 2012 including, without limitation, documents concerning the reasons for, and individuals involved in, the decision to terminate plaintiff's employment.

### Response:

Defendants object to Document Request No. 29 insofar as it is overly broad, vague and because it presupposes facts not assumed by the Defendants. Defendants submit that the Plaintiff was laid-off by Navillus Tile, Inc. due to lack of work and the seniority of the employee pursuant to the Collective Bargaining Agreement. Subject to and without waiving the foregoing General Objections, Defendants continue to perform a diligent search for documents responsive to this request and shall supplement and/or amend this response upon discovery of responsive and non-objectionable documents, if any.

### Document Request No. 30

All documents reflecting any oral or written communications concerning the termination of plaintiff's employment including, without limitation, communications between and among plaintiff, O'Sullivan, H. O'Sullivan, Hegarty, Naughton, or any other manager, supervisor, or foreman.

### Response:

Defendants object to Document Request No. 30 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

2962506.1

**Document Request No. 31**

All documents reflecting any oral or written communications concerning the reassignment of plaintiff's duties including, without limitation, the hiring of any employee to assume any of plaintiff's duties.

**Response:**

Defendants object to Document Request No. 31 insofar as it is overly broad, vague and because it presupposes facts not assumed by the Defendants. Defendants submit that the Plaintiff was laid-off by Navillus Tile, Inc. due to lack of work and the seniority of the employee pursuant to the Collective Bargaining Agreement. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 32**

All personnel and employment policies, handbooks, agreements, guidelines, and any other documents that set forth the payment and labor practices in effect at any time during plaintiff's employment.

**Response:**

Defendants object to Document Request No. 32 to the extent that it seeks documents and information already within the Plaintiff's possession. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive documents are found.

**Document Request No. 33**

Documents reflecting the management, organizational, and reporting structure of defendants.

2962506.1

**Response:**

Defendants object to Document Request No. 33 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 34**

Documents reflecting the corporate relationship or association between defendants and any parent corporation, subsidiary, or any other affiliated entity that was involved in the management of defendants' operations including, without limitations, defendants' finance, human resources, and/or accounting functions.

**Response:**

Defendants object to Document Request No. 34 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 35**

Documents reflecting the corporate relationship, association, or affiliation between and among: defendants; Navillus Tile, Inc.; Navillus Contracting; ABC Consolidated, Inc.; Prestige Finishes, Inc.; Barker Street, Inc.; Feldman St., Inc.; Allied; and/or any corporate entity involved in the payment of wages and/or issuance of W-2s to employees during the entire period of plaintiffs employment.

**Response:**

Defendants object to Document Request No. 35 as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Response:**

Defendant objects to Document Request No. 38 insofar as it calls for legal argument and/or legal conclusions. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

### Document Request No. 39

All documents concerning defendants' Second Affirmative Defense at ¶ 97 of the Answer, which alleges that plaintiffs "claims are barred by the arbitration provision set forth in a collective bargaining agreement."

**Response:**

Defendant objects to Document Request No. 39 insofar as it calls for legal argument and/or legal conclusions. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this Request are already in Plaintiff's possession and included as part of Plaintiff's document production as Bates Nos. P0001-P0037. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive documents are found.

### Document Request No. 40

All documents defendants intend to use at trial in this action.

**Response:**

Subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers

2962506.1

**Document Request No. 36**

All documents concerning defendants' recordkeeping and document retention policies.

**Response:**

Defendants object to Document Request No. 36 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 37**

All documents concerning the steps defendants took to preserve, identify, and gather information and documents relevant to the claims and defenses in this case.

**Response:**

Defendants object to Document Request No. 37 to the extent that it seeks documents and/or communications that are Privileged and/or protected by the Attorney Work Product Doctrine. Defendants further object to Document Request No. 37 on the basis that Plaintiff's usage of the terms "all documents" and "concerning" is overly broad, unduly vague and ambiguous. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 38**

All documents concerning defendants' First Affirmative Defense at ¶ 96 of the Answer, which alleges that the "Complaint fails to state a claim upon which relief may be granted."

NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

### Document Request No. 41

All reports furnished to defendants by any experts consulted or retained in relation to this action.

### Response:

Subject to and without waiving the foregoing General Objections, no such documents exist.

### Document Request No. 42

Documents concerning the annual gross volume of sales made or business done by defendants during each year from 2008 to 2012.

### Response:

Defendants object to Document Request No. 42 as it is overly broad, unduly burdensome and irrelevant. Defendants further object to this Request as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

### Document Request No. 43

Documents reflecting the net worth, income, assets, and liabilities of each defendant including, without limitation, any financial statements.

### Response:

Defendants object to Document Request No. 43 as it is overly broad, unduly burdensome and irrelevant. Defendants further object to this Request as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request insofar as it is vague, overly broad, unduly burdensome and irrelevant.

22

**Document Request No. 44**

Documents reflecting defendants' involvement in any bankruptcy proceedings.

**Response:**

Defendants object to Document Request No. 43 insofar as it seeks documents not related to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 45**

Copies of all insurance policies held by defendants that may apply to the claims in this action.

**Response:**

Subject to and without waiving the foregoing General Objections, no such documents exit.

**Document Request No. 46**

All documents that defendants referred to, relied upon, consulted, or used in answering each interrogatory set forth in Plaintiffs First Set of Interrogatories.

**Response:**

Subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 47**

All documents that contain or otherwise relate to the facts or information that defendants contend refute, in any way, the allegations in the Complaint in this action.

23

**Response:**

Subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 48**

All documents reflecting any oral or written communications concerning any of the allegations in the Complaint and/or Answer in this action.

**Response:**

Defendants object to Document Request No. 48 to the extent that it seeks documents and/or communications that are Privileged and/or protected by the Attorney Work Product Doctrine. Notwithstanding said objections, and subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**Document Request No. 49**

Documents containing any statements in any form obtained from any persons regarding any of the events that form the subject matter of this action.

**Response:**

Subject to and without waiving the foregoing General Objections, no such documents exist.

**Document Request No. 50**

To the extent not previously requested, all documents concerning any allegation in plaintiff's Complaint or defendants' Answer.

2962506.1

**Response:**

Subject to and without waiving the foregoing General Objections, documents responsive to this request were previously produced to Plaintiff on November 6, 2014 as Bates Numbers NT000001-NT000020, and additional documents responsive to this request are annexed hereto as Bates Numbers NT000021-NT000201.

**PLEASE TAKE NOTE** that Defendants reserve their right to amend and/or supplement their responses.

Dated:      East Meadow, New York
              December 5, 2014

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
      Douglas E. Rowe, Esq.
      Desiree M. Gargano, Esq.
      *Attorneys for Defendants*
      90 Merrick Avenue, 9th Floor
      East Meadow, New York 11554
      (516) 296-7000

TO:    CARY KANE LLP
       *Attorneys for Plaintiff Angel Ordonez*
       Attn:  Larry Cary, Esq.
              Tara Jensen, Esq.
       1350 Broadway, Suite 1400
       New York, New York 10018
       (212) 868-6300

2962506.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANGEL ORDONEZ,                                    Index No.: 14-CV-2575 (SHS)

                        Plaintiff,          **DEFENDANTS' RESPONSE TO**
                                            **PLAINTIFF'S FIRST SET OF**
    -against-                               **INTERROGATORIES**

NAVILLUS TILE, INC. d/b/a NAVILLUS
CONTRACTING and DONAL O'SULLIVAN,

                        Defendants.
------------------------------------------------------x

       Defendants NAVILLUS TILE, INC. d/b/a NAVILLUS CONTRACTING and DONAL

O'SULLIVAN (hereinafter collectively referred to as the "Defendants"), by their attorneys,

Certilman Balin Adler & Hyman, LLP, hereby responds to Plaintiff's First Set of Interrogatories,

dated August 22, 2014 (the "Interrogatories"), as follows:

## GENERAL OBJECTIONS

       Each and every interrogatory is responded to subject to the General Objections set forth

below. These limitations and objections form a part of the response to each and every

interrogatory and are set forth herein to avoid the duplication and repetition of restating them for

each response. These General Objections may be specifically referred to in a response to certain

interrogatories for the purpose of clarity. However, the failure to specifically incorporate a

General Objection should not be construed as a waiver of same.

       1.    Defendants object to the Definitions contained in the Interrogatories insofar as

they are beyond the scope of Local Civil Rules 26.2 and 26.3 of the Local Rules of the United

States District Court for the Southern and Eastern Districts of New York, and Local Civil Rule

33.3 of the Southern District of New York.

2.     Defendants object to the Interrogatories insofar as they demand information beyond the scope of Local Civil Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York.

3.     Defendants object to each interrogatory on the ground that they are unable to answer fully absent completion of discovery and its own investigation.   In responding to Plaintiff's Interrogatories, Defendants expressly reserve the right to amend and supplement their answers as additional or responsive information is found by way of discovery otherwise.

4.     Defendants object to each Interrogatory to the extent that it is palpably improper or seeks disclosure of information that would impose obligations upon Defendants other than those required by law.

5.     Defendants object to each Interrogatory to the extent that it seeks disclosure of information which is not at issue or relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendants object to each Interrogatory to the extent that it is unduly burdensome and oppressive.

7.     Defendants object to each Interrogatory to the extent that it is overly broad, vague and ambiguous.

8.     Defendants object to each Interrogatory to the extent that it seeks disclosure of non-discoverable attorney work product.

9.     Defendants object to each Interrogatory to the extent that it seeks disclosure of information that is not within the knowledge of Defendants.

2

10. Defendants object to each Interrogatory to the extent that it seeks disclosure of information within the knowledge of the Plaintiff, or is readily available to the Plaintiff as a matter of public record.

11. Defendants object to each Interrogatory to the extent that it seeks disclosure of information that is obtainable from some other source that is more convenient, less burdensome or less expensive.

12. Defendants object to each Interrogatory to the extent that it seeks disclosure of information that is cumulative or duplicative of other requests for disclosure of information.

13. Defendants object to each Interrogatory to the extent that it seeks disclosure of information equally accessible or already provided.

14. Defendants object to the Definitions and Instructions sections of Plaintiff's Interrogatories as overly broad, vague and ambiguous.

15. Defendants object to each Interrogatory to the extent that it seeks disclosure of information beyond the scope of Plaintiff's employment and the claims brought by Plaintiff in this action.

## SPECIFIC RESPONSES AND OBJECTIONS

### Interrogatory No. 1

Identify the number of hours plaintiff worked each week.

### Response:

Defendants object to this Interrogatory to the extent that it seeks disclosure of information within the knowledge of the Plaintiff. Defendants further object to this Interrogatory to the extent it is not a more practical method of obtaining the information sought than a request for production or a deposition. Notwithstanding said objection and without waiving the

foregoing General Objections, in responding to this Interrogatory as reasonably construed by Defendants, Defendants refer Plaintiff to the documents produced in response to Plaintiff's First Request for Production of Documents (the "Document Requests") Nos. 9, 16 and 46.

**Interrogatory No. 2**

Identify the wages paid to plaintiff for hours worked each week.

**Response:**

Defendants object to this Interrogatory to the extent that it seeks disclosure of information within the knowledge of the Plaintiff. Defendants further object to this Interrogatory to the extent it is not a more practical method of obtaining the information sought than a request for production or a deposition. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants refer Plaintiff to the documents produced in response to Plaintiff's First Request for Production of Documents (the "Document Requests") Nos. 10, 13-16, 22, and 46.

**Interrogatory No. 3**

Identify all individuals responsible for, or involved in, the determination of plaintiff's schedule and assignments.

**Response:**

Defendants submit that the following individuals are responsible for the determination of plaintiff's schedule and assignments: David Hegarty.

**Interrogatory No. 4**

Identify all individuals responsible for, or involved in, the determination of the plaintiff's regular and overtime rates of pay, and the manner by which wages were paid.

4

**Response:**

Defendants object to this interrogatory as overly broad, vague and because it presupposes facts not assumed by the Defendants. Defendants submit that the Plaintiff's rates of pay were determined by the Collective Bargaining Agreement.

### Interrogatory No. 5

Identify all individuals who were responsible for the implementation and administration of defendants' payroll, personnel, human resources, time and attendance, recordkeeping, and/or wage and hour practices and policies. State the source, location, and custodian of such records.

**Response:**

Defendants object to this Interrogatory on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that the following persons were responsible for the implementation and administration of Defendants' payroll practices: Dymphna Coleman. Defendants further submit that the location of such records is Navillus Tile Inc. d/b/a Navillus Contracting, 460 Park Avenue, New York, NY 10022.

### Interrogatory No. 6

Identify all individuals who possess or control any documents containing information about plaintiff, and provide copies of each. State the source, location, and custodian of each document.

**Response:**

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "information about plaintiff" is overly broad, unduly vague and ambiguous. Defendants also object to this Interrogatory on the basis that it seeks information of an

5

unreasonable scope and time. Defendants further object to this Interrogatory as it seeks, in part, information not at issue or relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

### Interrogatory No. 7

Identify all individuals who have knowledge of any complaints concerning defendants' labor practices that have ever been made to any federal, state, or local agency including, without limitation, all individuals who provided information or documents to such agency regarding the complaint.

### Response:

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "knowledge" are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that there are no such individuals. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive information is found.

### Interrogatory No. 8

Identify all individuals who have knowledge of any lawsuits concerning defendants' labor practices that have ever been commenced in any federal, state, or local court including, without limitation, all individuals who provided information or documents to such court regarding the lawsuit.

### Response:

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "knowledge" are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by

6

Defendants, Defendants submit that there are no such individuals. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive information is found.

**Interrogatory No. 9**

Identify all individuals who have knowledge of, or participated in, any oral or written communications with any officer or representative of the Union regarding defendants' labor practices.

**Response:**

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "knowledge" are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that there are no such individuals. Defendants reserve their right to amend and/or supplement their response hereto if additional or responsive information is found.

**Interrogatory No. 10**

Identify all individuals who have knowledge of any agreements between defendants and employees in which an employee has agreed not to complain to any court or agency about defendants' labor practices including, without limitation, defendants' payment of overtime wages.

**Response:**

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "knowledge" are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that are no such individuals.

7

**Interrogatory No. 11**

Identify all individuals who participated in the decision to terminate plaintiff's employment.

**Response:**

Defendants object to this interrogatory as overly broad, vague and because it presupposes facts not assumed by the Defendants. Defendants further object to this Interrogatory to the extent it seeks information about contentions or calls for all evidence or all information in support of allegations or contentions. Defendants submit that the Plaintiff was laid-off by Navillus Tile, Inc. due to lack of work and the seniority of the employee pursuant to the Collective Bargaining Agreement.

**Interrogatory No. 12**

Identify all individuals who possess or control any documents containing information about defendants' net worth, income, assets, and liabilities including, without limitation, defendants' involvement in any bankruptcy proceedings.

**Response:**

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the term "all individuals" is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding this objection and without waiving it, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that the following individuals possess or control any documents containing information about Defendants' net worth, income, assets, and liabilities: Donal O'Sullivan.

**Interrogatory No. 13**

Identify all individuals with whom defendants have communicated concerning the allegations of the Complaint in this action, whether such communication was oral, written, or electronic, and the date, time, and place of such communication.

8

**Response:**

Defendants object to this Interrogatory to the extent that it seeks the disclosure of information protected by the Attorney-Client privilege. Defendants further object to this interrogatory as overly broad, vague and because it presupposes facts not assumed by the Defendants. Defendants have not communication with anyone other than their legal counsel concerning the allegations of the Complaint in this action.

**Interrogatory No. 14**

Identify all individuals whom defendants intend to call as a witness at trial in this action, including any expert witness who has been consulted or retained in anticipation of litigation.

**Response:**

Defendants submit that they intend to call the following individuals as a witness at trial in this action: Padraig Naughton, Donal O'Sullivan, Marcilito Jordan, David Hegarty and Dymphna Coleman. Defendants reserve their right to amend and/or supplement their response hereto if additional information is found.

**Interrogatory No. 15**

Identify all individuals with knowledge of the subject matter and allegations of the Complaint and Answer, including any of defendants' affirmative defenses, in this action.

**Response:**

Defendants object to this Interrogatory on the basis that Plaintiff's usage of the terms "all individuals" and "knowledge" are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information. Notwithstanding these objections and without waiving them, in responding to this Interrogatory as reasonably construed by Defendants, Defendants submit that the following individuals have knowledge of the subject

9

matter and allegations of the Complaint and Answer: Angel Ordonez, Padraig Naughton, Donal O'Sullivan, Marcilito Jordan, David Hegarty and Dymphna Coleman.

**Interrogatory No. 16**

Identify each document that was consulted or referred to in answering these interrogatories, and state the name and address of the custodian of each document.

**Response:**

Defendants refer Plaintiff to the documents produced in response to Plaintiff's Document Requests No. 46, and with respect thereto, repeat and reiterate their responses and objections to the aforementioned cited Document Request as if fully incorporated herein. Defendants further submit that the custodian of the documents is Navillus Tile Inc. d/b/a Navillus Contracting, 460 Park Avenue, New York, NY 10022

**Interrogatory No. 17**

To the extent not set forth above, identify all persons with knowledge of any of the facts relating to plaintiffs claims or defendants' defenses.

**Response:**

Defendants refer Plaintiff to the Response to Interrogatory No. 15 above.

**PLEASE TAKE NOTE** that Defendants reserve their right to amend and/or supplement their responses.

Dated:     East Meadow, New York
           December 5, 2014

CERTILMAN BALIN ADLER & HYMAN, LLP

By: _____
     Douglas E. Rowe
     Desiree M. Gargano
     *Attorneys for Defendants*
     90 Merrick Avenue – 9th Floor
     East Meadow, New York 11554
     (516) 296-7000
                    10

2979932.1

TO: CARY CANE LLP
*Attorneys for Plaintiff*
Attn: Larry Cary, Esq.
Tara Jensen, Esq.
1350 Broadway, Ste. 1400
New York, NY 10018
(212) 868-6300

2979932.1