# CARY KANE

A LIMITED LIABILITY PARTNERSHIP FOR THE PRACTICE OF LAW

March 17, 2014

**CONFIDENTIAL AND PRIVILEGED**

Mr. Angel Ordonez
1812 Linden Street, 1st Floor
Richwood, NY 11385

      **RE: Navillus Tile, Inc.**

Dear Mr. Ordonez:

      It was a pleasure speaking with you, and we are glad you have selected Cary Kane LLP (the "Firm") to handle the matter described in this letter.

      This agreement sets forth the terms under which the Firm would represent you in a controversy involving your former employer, Navillus Tile, Inc., which, under the law, may include certain individuals acting in the interests of the employer (together referred to herein as the "Employer"). You acknowledge that you have requested that we represent you solely in connection with unpaid wages and overtime compensation relating to your employment with the Employer (the "Matter").

      While we would prefer to confirm the terms of our engagement by a less formal method than a written statement such as this, in certain instances the Firm is required by law or Firm policy to memorialize the terms of our engagement in writing. Please be advised that this letter supersedes any earlier oral or written agreements concerning this matter. You should have a clear understanding of the legal services we will provide, and we encourage you to bring to our immediate attention any questions that you have about the scope of our services on your behalf.

### I. SCOPE OF SERVICES

      Specifically, you have asked the Firm to institute litigation and/or negotiate a settlement seeking to recover money damages from the Employer based upon its alleged non-payment of wages between you and the Employer and based upon the Employer's possible violation of Federal and New York State wage and hour laws.

      The Firm will evaluate your case and, the Firm will, where appropriate: (1) conduct legal research; (2) give advice and counsel to you on a regular basis concerning relevant and material matters and issues; (3) pursue evidence, information and discovery; (4) make efforts to participate in negotiations and discussions with representatives of the Employer; (5) participate in voluntary mediation or arbitration of the dispute; (6) prosecute a lawsuit for damages and try the case in court; and (7) provide other legal services as we deem reasonably necessary to



# CARY KANE

Mr. Angel Ordonez
March 17, 2014
Page 2 of 6

advance and protect your interests. Please be advised that the Firm may decline to pursue any of these actions, in our sole and absolute discretion, so long as the Firm remains in compliance with the Ethical Rules that govern our professional conduct.

The prosecution or defense of an appeal from a final judgment is not included in this engagement letter and shall require a separate fee arrangement before the Firm is required to perform any such services. Similarly, if a separate legal action or defense of a counterclaim becomes necessary as part of any litigation of the Matter, the Firm will have the right to determine whether to provide you with legal representation in any such separate case or defense of a counterclaim pursuant to a separate engagement letter to be agreed upon at that time. In the event there is a successful counter-claim against you, your Gross Recovery may be used to offset your obligation to pay the opposing party's damages and/or opposing counsel's legal fees.

You also acknowledge that the Firm is representing you solely in connection with your wage claims and not in connection with any other matter or dispute you may have with the Employer, including any claims for wrongful termination, discrimination, harassment or otherwise.

With respect to any Fair Labor Standards Act and/or New York State Labor Law claims for unpaid wages, courts will allow a plaintiff to bring such a lawsuit either as a "collective action" or a "class action" not only for him, but for all other workers who are similarity situated. If a court certifies the lawsuit as a collective or class action, it would notify other workers of the lawsuit to enable them to join it. You agree that this Firm may seek to bring any action undertaken as a collective or class action and litigate it on behalf of all workers who are either covered by the class action or elect to be covered by the collective action.

## II.    CONTINGENCY FEE

You agree to pay the Firm a contingency fee as compensation for representing you in the Matter. This contingency fee is calculated against any recovery you may receive in connection with the Matter by way of settlement, judgment, prepayment or otherwise, whether or not you resolve all or any portion of your claims. Unless there is a recovery, you shall not be liable to the Firm for any fees or expenses.

You agree that the Firm's reasonable contingency compensation shall be the higher of A or B as follows:

# CARY KANE

Mr. Angel Ordonez
March 17, 2014
Page 3 of 6

    A.    A contingency fee of 1/3 of any Gross Recovery, and shall be payable to the Firm immediately upon payment of each and every recovery. "Gross Recovery" shall mean the total cash value of any and all cash and non-cash recovered before any deductions received by you in connection with the Matter by way of settlement, judgment, and prepayment or otherwise, whether or not you resolve all or any portion of your claim. Any costs and attorney fees awarded to an opposing party against you will be paid out of your Gross Recovery and will not be included in the amount of your Gross Recovery when computing the amount of the contingent fee under this Agreement.

    B.    The Firm's reasonable hourly rates for the time incurred in the handling of the Matter, plus ten percent (10 %) of any Gross recovery. Currently, for this Matter, the rate for Partners is $450 per hour, the rate for Associates with three or more years of experience is $325 per hour, and the rate for Associates with less than 3 years of experience is $250 per hour. We may also use, if appropriate, paralegals and law clerks to work on the Matter and we will bill their time. These rates may be increased by the Firm at the final adjudication of the Matter, i.e., obtaining a settlement or a judgment, if it takes more than 18 months from today's date, and for every 12 months thereafter.

    In the event that the Firm receives payment of fees from the Employer or its insurance carrier, the amount of the reasonable contingency compensation received by the Firm under paragraph "A" or "B" above shall be reduced by the amount received from the Employer. We acknowledge that unless there is a recovery, you shall not be liable to the Firm for any fees or costs. You acknowledge that in the event that the firm undertakes to handle this matter on behalf of multiple plaintiffs, whether as a class or collective action or otherwise, that the Firm may be entitled to receive fees from other parties other than yourself. You understand that you will have no entitlement to any such other fees.

    In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request. Upon notification that you dispute the fee amount, I will forward to you the necessary documents for you to commence the arbitration process.

# CARY KANE

Mr. Angel Ordonez
March 17, 2014
Page 4 of 6

### III. REIMBURSEMENT OF OTHER COSTS

You understand that the Firm may have to pay certain costs in order to properly represent you. Such expenses include, but are not limited to, filing fees, witness or expert fees, deposition and court transcripts, messenger service, express mail, travel, extraordinary secretarial or clerical time, Xeroxing and travel expenses, any or all of which may be required by the circumstances. You authorize the Firm to incur these costs and expenses and to make any necessary disbursements therefore. If there is a recovery, and the Firm is unable to obtain a separate award for those expenses from the Employer, you agree to repay the Firm your pro rata portion of such costs and expenses from any net recovery to you after the Firm's reasonable contingency compensation is calculated and deducted.

We know that clients are concerned about reimbursable expenses and we take seriously our obligation to control these costs.

### IV. TERMINATION OF SERVICES

You may terminate your relationship with the Firm at any time you wish, for any reason whatsoever, provided you do so in writing delivered to the Firm to the attention of Larry Cary. And, we too will have the right to withdraw as your attorneys at any time and for any reason whatsoever, but only, in our case, after giving reasonable notice to you in writing delivered to your last known home address. In addition, any such withdrawal by us would also be subject to the ethical restrictions imposed by the applicable Ethical Rules that govern out professional conduct.

If this agreement is terminated by either party you understand that you may still be liable for fees and costs incurred until the date of the termination. If this agreement is terminated, you also agree to keep the firm apprised of future developments in this Matter and concerning your claims in this Matter you agree to notify the Firm in writing of any settlement offered to you before it is accepted by you and/or any monetary recovery awarded to you before it is received by you.

# CARY KANE

Mr. Angel Ordonez
March 17, 2014
Page 5 of 6

After our representation is concluded, you may request copies of your files, for which we may charge you the actual cost of any applicable transportation fees and other costs for time and expenses, subject to the Rules of Ethics. We will maintain all records concerning the receipt, maintenance and distribution of client funds for six years from the date of this letter. The rest of your file will be kept by the Firm for a period of one year, and at the end of that period the Firm shall have the right to destroy it.

### V.   RESPONSIBILITIES OF ATTORNEY AND CLIENT

We should emphasize that we will only be providing legal services to you in connection with this engagement. You are not relying on us for, and we are not providing, any business, insurance, tax or accounting advice or any investigation of the character or credit of persons with whom you may be dealing. Furthermore, in the event of a recovery, you will need to seek the advice of your own tax counsel, as our Firm cannot provide tax advice to you.

In order for us to effectively and efficiently assist you, we believe that you should be actively involved. We will keep you informed of developments regarding your legal matters and will consult with you as necessary to ensure the timely, effective and efficient completion of our work. We expect that you will provide us with the factual information you have which relates to the subject matter of our engagement, that you will be honest and truthful with us, and that you will make any and all appropriate business or technical decisions. In addition, we encourage you to share with us at all times your expectations and any concerns regarding our services throughout the course of our representation. Furthermore, you agree to advise us of any changes to your address, telephone number, cell phone number, and email address.

### VI.   NO GUARANTEE

We will, at all times, act on your behalf to the best of our ability. Please be advised that any expressions on our part concerning the outcome of any matters are expressions of our best professional judgment, but are not guarantees. You recognize that no results have been guaranteed to you and that this engagement letter is not based upon any such promises or anticipated results.

### VII.   IN CONCLUSION

We request that you review this letter carefully and, if it is consistent with your understanding of our respective responsibilities, please sign below and return the signed copy to me at your earliest convenience in the enclosed self-addressed stamped envelope.

# CARY KANE

Mr. Angel Ordonez
March 17, 2014
Page **6** of **6**

  We are enclosing with this letter two documents, a "Statement of Client's Rights" and a "Statement of Client Responsibilities." These documents set forth the obligations between attorneys and their clients in New York State. In the event you fail to abide by your obligations as set forth in the "Statement of Client's Responsibilities," we reserve the right to terminate this agreement and withdraw from representing you.

  We look forward to working with you. Please do not hesitate to call me if you have any questions concerning anything outlined in this letter or any other aspect of our engagement.

  If the foregoing is acceptable to you, please sign in the space provided below and return the signed copy to my attention at the address above. For your records, enclosed is a second copy of this letter.

CARY KANE LLP<br>
By: _____

**ACKNOWLEDGED AND AGREED:**

  I have read the foregoing letter, and I understand it. I acknowledge that I have had the opportunity to reflect upon the contents of this engagement letter and that I agree with its terms and conditions.

Dated: 3-16-14 , 2014

Signature: _____

Print name: Angel Ordonez